**STATE OF WEST VIRGINIA**

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In Re*: **N.M.**

**No. 16-0024** (Harrison County 14-JA-44-3)

**MEMORANDUM DECISION**

Petitioners S.T. and R.T., the child's respective aunt and uncle, by counsel Brandon J. Kupec, appeal the Circuit Court of Harrison County's December 14, 2015, order denying them permanent placement of N.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Julie N. Garvin, filed a response on behalf of the child also in support of the circuit court's order. The child's foster parents, J.P. Jr. and T.P., by counsel Teresa J. Lyons, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioners allege that the circuit court erred in denying them permanent placement of the child.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the DHHR received a referral that N.M.'s mother, J.F., was actively using illegal drugs during her pregnancy. Further, the referral stated that N.M.'s father, M.M. was also actively using illegal drugs and that drug paraphernalia was found in the parents' hospital room during a pregnancy appointment. Subsequently, N.M. was born several weeks premature, tested positive for drugs at birth, exhibited signs of withdrawal, and was diagnosed with fetal abstinence syndrome. Several days later, J.F. was discharged from the hospital and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II,* 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.,* 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

failed to return for the child. The DHHR unsuccessfully attempted to contact N.M.'s parents and any relatives.

In August of 2014, the DHHR filed a petition for immediate/emergency custody of N.M based upon the July referral. The circuit court granted the DHHR's petition and placed N.M. with a non-relative foster family ("P. family"). Shortly after N.M. was placed with the P. family, the child's paternal grandmother, L.D., contacted the DHHR and requested placement of N.M. Thereafter, L.D. was denied placement of N.M. due to a prior felony conviction for possession of cocaine in the State of Florida. Eventually, petitioners requested a home study so that N.M. could potentially be placed in their home. The DHHR then conducted a home study of petitioners' home. Ultimately, petitioners' home was approved and they were designated "certified foster parents."[3]

Beginning in 2015, the circuit court granted petitioners supervised visitation with N.M. starting with one day per week. The circuit court gradually increased petitioners' visitation rights with N.M. to include unsupervised visitation in their home. In August of 2015, the circuit court held an evidentiary hearing regarding the permanent placement of N.M., during which the circuit court considered placement with petitioners and the P. family and heard evidence from multiple service providers that both homes were appropriate. Importantly, the circuit court heard testimony from a Child Protective Services ("CPS") worker that M.M. did not want N.M. to live with petitioners due to unresolved mental health concerns of petitioner S.T. By order entered December 14, 2015, the circuit court found that it was in N.M.'s best interest to remain with the P. family and denied petitioners placement of N.M. However, the circuit court granted petitioners continued visitation. This appeal follows.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the circuit court denying placement of the child with petitioners.

---

[3]Both parents of N.M. had their parental rights terminated by the circuit court. Neither parent appealed the termination of their parental rights to this Court.

In support of their assertion that the circuit court erred in denying them placement of the child, petitioners cite to the statutory preference for placing children with grandparents as found in West Virginia Code § 49-3-1(a)(3). As such, petitioners request that this Court extend our prior holding in regard to permanent placement. Following a review of the record on appeal, we decline to extend our prior decisions related to grandparent placement based upon the limited circumstances of this case. While petitioners acknowledge this preference does not explicitly apply to them as the child's paternal aunt and uncle, they argue that the child's best interests are inherently served by placement with biological relatives. However, petitioners fail to address our prior holdings on this issue. Specifically, we have held that "[i]t is clear from our jurisprudence that the only statutory preference within our laws regarding the adoption of a child involves grandparents . . . . It does not appear, however, that a preference is granted to blood relatives generally." *Kristopher O. v. Mazzone*, 227 W.Va. 184, 193, 706 S.E.2d 381, 390 (2011). As such, the grandparent preference as set forth in West Virginia Code § 49-3-1(a)(3) has no applicability to the circuit court's denial of placement in the petitioners' home.

The record shows that the home study conducted in regard to petitioners' home was ultimately approved for placement of N.M. Further, the circuit court heard testimony that the P. family home was also suitable. Appropriately, the circuit court made its placement decision based upon the child's best interests, as this Court has directed. We have held that "'the best interests of the child is the polar star by which decisions must be made which affect children.' *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989)." *Id.* at 192, 706 S.E.2d at 389. In determining that placing the child in petitioners' home was not in the child's best interests, the circuit court relied upon substantial testimony during the permanent placement hearing. The circuit court heard testimony that N.M. was thriving in the P. family's home. Importantly, a CPS worker testified that N.M.'s biological father did not want N.M. to be placed with petitioner S.T. due to her unresolved mental health issues. For these reasons, we decline to extend our prior decisions related to grandparent placement to include other blood relatives based upon the limited circumstances of this case. Accordingly, we find that the circuit court did not err in denying petitioners placement of N.M. because it was not in the child's best interests.

For the foregoing reasons, we find no error in the decision of the circuit court and its December 14, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II